R. L. RUTZLER, COMPLAINANT, APPELLANT, *v.* J. S. BOND, *et al.,* DEFENDANTS, APPELLEES.

(*Knoxville,* September Term, 1932.)

Opinion filed October 22, 1932.

GEO. L. WOLFE and S. E. N. MOORE, for complainant, appellant.

DIVINE & GUINN, for defendants, appellees.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

A motion is presented to dismiss this appeal because here on a pauper's oath which appears to have been taken out of the State, and before one purporting to be a Notary Public of New York State, and which affidavit fails to show that the appellant is a resident of Tennessee. On the hearing at the bar of this Court leave was given the appellant to cure this defect by filing another oath or bond. No such substitute has been filed.

However, conceding that the case is properly here, on examination of the record and errors assigned the decree must be affirmed. The bill was responded to by a plea to the jurisdiction of the Court, denying that the defendants were either of them residents of, or at the time within Grainger County, etc. This issue was tried before the Chancellor on oral testimony, according to the recitals of his decree, and found in favor of the defendants and the bill dismissed. No bill of exceptions is in the record. Appellant relies on the technical record and assigns as error the action of the Chancellor in hearing the case without a jury.

It appears that the Chancellor first granted an application by the defendants for a jury, over the objection of complainant. It is insisted here that this was error. He later set aside this order, again over the objection of the complainant, and heard the case without a jury. This is assigned as error. The position of appellant is inconsistent.

Conceding that he is right in his insistence that the issues arising under the plea to the jurisdiction were not properly for a jury, but for the Court, then the Court

was not in error when he later reconsidered and himself corrected this error, and heard and determined the issue of jurisdiction. Since the Chancellor cured his alleged error and heard and determined the case without a jury, as appellant insists was the correct practice, and since no question on the merits is presented, the judgment must be affirmed.

*Warren* v. *Gregory Co.*, 12 Pick., 574, relied on, does control here. In that case it was held that a party who had applied for a jury could not on the trial waive it over the objection of the other party, who had meanwhile lost his right to demand a jury. This for reasons obvious and set forth in the opinion. But here the granting of a jury in the first place was error, committed over the objection of the other party. Appellant could not have at any stage lawfully demanded a jury, according to his own insistence, and he was therefore done no injustice.

Affirmed.